IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JERI INGRAM,**<br>14808 Cobblestone Drive<br>Silver Spring, MD 20905<br><br>Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br>a Municipal Corporation,<br>441 Fourth Street, N.W.<br>Washington, D.C. 20001<br><br>Defendant.<br><br>Serve: Honorable Muriel Bowser,<br>Mayor of the District of Columbia,<br>c/o Designated Representative,<br>Executive Office of the Mayor,<br>1350 Pennsylvania Avenue, N.W.,<br>Suite 316,<br>Washington, D.C. 20004<br><br>Serve: Honorable Karl A. Racine, Esq.<br>Attorney General of the District<br>Of Columbia,<br>c/o Designated Representative,<br>Office of the Attorney General<br>441 Fourth Street, N.W.<br>Washington, D.C. 20001 | Civil Action No.<br><br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT FOR DAMAGES

1. Jeri Ingram ("Ms. Ingram" or "Plaintiff"), by and through her undersigned counsel, states and alleges as follows:

### INTRODUCTION

2. This is an action authorized and instituted pursuant to the Equal Pay Act of 1963 ("EPA"), Title VII of the Civil Rights Act of 1964, and the D.C. Human Rights Act of

1

1977, for the D.C. Department of Parks and Recreation's ("Agency" or "Defendant") unlawful compensation practices on the basis of illegal gender discrimination against Plaintiff.

3. Plaintiff, Ms. Jeri Ingram, is an accomplished Supervisory Recreation Specialist (Director of Tennis) for the D.C. Department of Parks and Recreation, who is making $20,000 a year less than her male co-worker, Mr. Robinson. Mr. Robinson serves as Defendant's Site Manager, oversees 1 site, and has worked for Defendant for slightly over 4 years. Plaintiff, on the other hand, supervises Mr. Robinson, oversees 14 sites, among her other programing duties, and worked for Defendant for over 6 years. Despite the significant pay gap, both Plaintiff and Mr. Robinson hold the same grade 12 level. Defendant knew that its pay and compensation practices resulted in Plaintiff's pay disparity at the Agency. The gender discrimination described in this Complaint has been and is continuing in nature.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1), to redress and enjoin employment practices of the Defendant. Venue is proper in the District of Columbia District Court under 28 U.S.C. §§ 1391(b) and (e) because a substantial part of the wrongful conduct complained of herein occurred in this District, Defendant transacts substantial business in this District, and Defendant maintains employment records related to this action in the District of Columbia.

## PARTIES

5. Plaintiff, Jeri Ingram, is a female and was an "employee" at the Agency, within the meaning of 29 U.S.C. § 203(e), from early 2010 until April 8, 2016. She currently resides in Silver Spring, Maryland.

6. Defendant, D.C. Department of Parks and Recreation, is an executive branch agency of the District of Columbia government charged with supervising many of D.C.'s parks, community centers, etc., as well as coordinating a variety of government recreation programs. Defendant is headquartered at 1250 U Street, N.W., 2nd Floor, Washington, D.C. 20009.

7. At all times relevant to this action, Defendant was and is an "employer" within the meaning of 29 U.S.C. § 203(d).

## STATEMENT OF FACTS

8. Plaintiff started work at the Agency in 2010 as a Grade 9 Recreations Specialist in Career Service. In 2011, she was promoted to an MSS Grade 12 Supervisory Recreation Specialist position with a salary of $70,000.00.

9. On or about October 2012, Mr. Robinson joined the Agency as a Program Analyst.

10. On or about May 2013, Mr. Robinson was promoted to a Grade 11 Supervisory Recreation Specialist position. Approximately a year later, Mr. Robinson was promoted again, this time to the same title that Plaintiff holds, to wit a Grade 12 Supervisory Recreation Specialist. Despite his short tenure at the Agency, Mr. Robinson was offered a salary that was at least $20,000.00 greater than that of Plaintiff.

11. Mr. Robinson then held the same title and grade as Plaintiff, yet Plaintiff serves as Mr. Robinson's direct manager.

12. Plaintiff requested a pay increase from the Agency on multiple occasions, but each request was denied.

13. Mr. Robinson only oversaw one (1) Agency site, and has worked for Defendant for slightly over four (4) years. Plaintiff, on the other hand, supervised Mr. Robinson and oversees fourteen (14) sites, among her other programing duties. Plaintiff also worked for Defendant for over six (6) years.

14. In January 2016, Plaintiff raised the issue of unequal compensation with her direct supervisor at the Agency, and requested a raise.

15. In response, the Agency told the Plaintiff that they would look into the matter.

16. Agency management ultimately denied Plaintiff's request for a raise and summarily ignored Plaintiff's complaint regarding the pay inequity at the Agency.

17. Shortly thereafter, in February 2016, Plaintiff realized that other similarly situated males and males at the Agency with considerably less responsibilities than Plaintiff were nonetheless being paid higher salaries.

18. Plaintiff again raised the issue with her direct supervisor at the Agency and was told that the Agency would investigate Plaintiff's complaints.

19. The Agency again dismissed Plaintiff's complaint regarding pay discrepancy at the Agency, which caused Plaintiff to cross-file a complaint with both the D.C. Office of Human Rights and the Equal Employment Opportunity Commission (the "EEOC") on July 18, 2016.

20. Defendant then retaliated against Plaintiff and fired her as a direct result of Plaintiff cross-filing her complaint with the D.C. Office of Human Rights and the EEOC.

21. Plaintiff received her "Right to Sue" letter from the EEOC on November 6, 2017.

## COUNT I

### (Violation of the Equal Pay Act, 29 U.S.C. § 206(d))

22. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 21 above, as if fully set forth herein.

23. The EPA prohibits sex-based wage discrimination between men and women in the same establishment who perform equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions

24. Defendant discriminated against Plaintiff in violation of the EPA by providing her with lower pay than similarly situated male colleagues, even though Plaintiff performed the same work in the same establishment and under similar working conditions that require the same or more skill, effort, and responsibility.

25. Since approximately May 2013, Mr. Robinson, on average, has received more than $20,000.00 in annual compensation than Plaintiff. The pay disparity is magnified because Plaintiff's bonus potential, merit increases, and retirement contributions are tied to her base salary.

26. The Defendant's pay disparity is not justified by a seniority system; a merit system; a pay system based on quantity or quality of production; or any factor other than sex.

27. By knowingly paying Plaintiff lower wages than her male counterparts, Defendant willfully violated the EPA, 29 U.S.C. § 206(d).

28. As a result of the acts complained of above, Defendant has unlawfully withheld, and continues to withhold, the payment of wages due to Plaintiff, who received lower compensation than her similarly situated male colleagues.

29. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost earnings, lost benefits, and other financial loss.

30. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available for violations of the EPA, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees, expenses, costs, and costs of the action.

## COUNT II

### (Retaliation in Violation of the Equal Pay Act, 29 U.S.C. § 206(d))

31. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 30 above, as if fully set forth herein.

32. Defendant fired Plaintiff as a direct result of Plaintiff cross-filing her complaint with the D.C. Office of Human Rights and the EEOC.

33. Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because she engaged in activities protected by the EPA, Title VII, and the D.C. Human Rights Act. Defendant had no legitimate business reason to terminate Plaintiff, and any reasons offered are pretextual and false in nature.

34. Defendant's illegal actions described above, directly and proximately caused, and continue to cause, Plaintiff to suffer loss of income and other financial benefits, a loss of

future professional opportunities and future income, pain and suffering, humiliation, indignity, personal embarrassment and damage to her professional reputation.

35. Defendant engaged in its discriminatory actions described above with malice or with reckless indifference to the Plaintiff's legal rights.

## COUNT III

### (Violation of Title VII of the Civil Rights Act of 1964)

36. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 35 above, as if fully set forth herein.

37. The Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an employee on the basis of sex in the enjoyment of all benefits, privileges, terms and conditions of employment. Plaintiff is a members of a protective class.

38. Defendant discriminated against Plaintiff by knowingly paying her lower wages than the Agency paid to male counterparts because of their sex. Defendant had no legitimate business reason to pay Plaintiff lower wages than her male counterparts, and any reasons offered are pretextual and false in nature. Defendant's illegal actions thus described above constitute discrimination in violation of Title VII of the Civil Rights Act of 1964.

39. Defendant's illegal actions described above, directly and proximately caused, and continue to cause, Plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, pain and suffering, humiliation, indignity, personal embarrassment and damage to her professional reputation.

40. Defendant engaged in its discriminatory actions described above with malice or with reckless indifference to the Plaintiff's legal rights.

## COUNT IV

### (Retaliation in Violation of Title VII of the Civil Rights Act of 1964)

41. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 40 above, as if fully set forth herein.

42. Defendant fired Plaintiff as a direct result of Plaintiff cross-filing her complaint with the D.C. Office of Human Rights and the EEOC.

43. Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because she engaged in activities protected by the EPA, Title VII, and the D.C. Human Rights Act. Defendant had no legitimate business reason to terminate Plaintiff, and any reasons offered are pretextual and false in nature.

44. Defendant's illegal actions described above, directly and proximately caused, and continue to cause, Plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, pain and suffering, humiliation, indignity, personal embarrassment and damage to her professional reputation.

45. Defendant engaged in its discriminatory actions described above with malice or with reckless indifference to the Plaintiff's legal rights.

## COUNT V

### (Violation of the D.C. Human Rights Act of 1977)

46. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 45 above, as if fully set forth herein.

47. The District of Columbia Human Rights Act prohibits an employer from discriminating against an employee on the prohibits an employer from discriminating against an employee on the basis of sex in the enjoyment of all benefits, privileges, terms and conditions of employment. Plaintiff is a members of a protective class.

48. Defendant discriminated against Plaintiff by knowingly paying Plaintiff lower wages than her male counterparts because of Plaintiff's sex. Defendant had no legitimate business reason to pay Plaintiff lower wages than her male counterparts, and any reasons offered are pretextual and false in nature. Defendant's illegal actions thus described above constitute discrimination in violation of the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, et seq.

49. Defendant's illegal actions described above, directly and proximately caused, and continue to cause, Plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, pain and suffering, humiliation, indignity, personal embarrassment and damage to her professional reputation.

50. Defendant engaged in its discriminatory actions described above with malice or with reckless indifference to the Plaintiff's legal rights.

## COUNT IV

### (Retaliation in Violation of the D.C. Human Rights Act of 1977)

51. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 50 above, as if fully set forth herein.

52. Defendant fired Plaintiff as a direct result of Plaintiff cross-filing her complaint with the D.C. Office of Human Rights and the EEOC.

53. Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because she engaged in activities protected by the EPA, Title VII, and the D.C. Human Rights Act. Defendant had no legitimate business reason to terminate Plaintiff, and any reasons offered are pretextual and false in nature.

54. Defendant's illegal actions described above, directly and proximately caused, and continue to cause, Plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, pain and suffering, humiliation, indignity, personal embarrassment and damage to her professional reputation.

55. Defendant engaged in its discriminatory actions described above with malice or with reckless indifference to the Plaintiff's legal rights.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment for her and against Defendant and;

(a) Compensatory damages in the exact amount to be determined at trial, but in no event less than $500,000.00;

(b) Punitive damages, if appropriate, in an exact amount to be determined at trial, but in no event less than $500,000.00;

(c) Attorneys' fees and costs; and

(d) Such further relief as this Court deems just and fair.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable herein.

**DATED:** January 10, 2018

Respectfully submitted,

*/s/ Donald M. Temple*
Donald M. Temple, Esq. [408749]
1310 L Street, N.W., Suite 750
Washington, D.C. 20005
Tel: (202) 628-1101
Fax: (202) 628-1149
dtemplelaw@gmail.com